IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PATRICK WAYNE MORRIS, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| ROBERT TOOLE, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:11-CV-3914-RWS-LTW |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

The Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72, is attached. The same shall be filed and a copy, together with a copy of this Order, shall be served upon counsel for the parties and upon any unrepresented parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), within fourteen (14) days of service of this Order, each party may file written objections, if any, to the Report and Recommendation. If objections are filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and

any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Judge after expiration of the time period stated above.

**SO ORDERED** this 29 day of November, 2011.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PATRICK WAYNE MORRIS, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| ROBERT TOOLE, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:11-CV-3914-RWS-LTW |

### FINAL REPORT AND RECOMMENDATION

Petitioner, pro se, is confined at the Wilcox State Prison in Abbeville, Georgia. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254 regarding his 2005 criminal convictions in the Superior Court of Cobb County, Geogia, (Doc. 1), and has paid the filing fee.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4") requires a federal court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under Rule 4, courts must screen and dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The petition in this case is legally insufficient because it demonstrates, on its face, that Petitioner did not timely seek federal habeas relief. Thus, the petition should be dismissed. *See*

*Day v. Crosby*, 391 F.3d 1192, 1194 (11th Cir. 2004) ("A federal court that sits in collateral review of a criminal judgment of a state court has an obligation to enforce the federal statute of limitations.").

On May 2, 2005, Petitioner pled guilty in the Superior Court of Cobb County to malice murder, aggravated assault, burglary, and robbery. (Doc. 1 at 1.) The state court sentenced him to life imprisonment plus five years. (*Id.*) Petitioner did not appeal his conviction. (*Id.* at 2.) On May 26, 2006, Petitioner filed a motion to vacate void and illegal sentence and judgment for lack of jurisdiction. (*Id.*) The state trial court denied that motion on February 15, 2007, and Petitioner appealed that decision. (*Id.* at 3.) The Supreme Court of Georgia dismissed the appeal on September 18, 2010. (*Id.*)

On March 24, 2009, Petitioner filed a petition for a writ of habeas corpus in the Superior Court of Wilcox County, Georgia. (*Id.*) That court denied Petitioner habeas relief, and the Georgia Supreme Court denied him a certificate of probable cause to appeal on November 22, 2010. (*Id.*) Petitioner filed no other petitions, applications,

or motions for relief in the state courts. (*Id.* at 4.) Petitioner filed his federal habeas petition in this Court on October 28, 2011.[1] (*Id.* at 9.)

Absent extraordinary circumstances, federal courts do not consider the merits of § 2254 habeas petitions unless they are timely filed. 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] A pro se prisoner's federal-court filing is deemed filed on the date he gave it to prison officials for mailing. *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Petitioner does not state when he gave his § 2254 petition to prison officials for mailing to the Court, but the undersigned gives him the benefit of the doubt and presumes that he gave it to officials on the same day he dated it – October 28, 2011.

3

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A federal court can consider the merits of an untimely habeas petition only if the petitioner can establish actual innocence or the application of equitable tolling. To establish actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial," thereby showing "that it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). Equitable tolling applies only if a petitioner demonstrates that his delay in seeking federal habeas relief resulted from extraordinary circumstances that were unavoidable with due diligence. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).

Petitioner's judgment of conviction was entered on May 2, 2005. (Doc. 1 at 1.) Petitioner had thirty days from that date to appeal the judgment. *See* O.C.G.A. § 5-6-38(a). Petitioner did not file an appeal. (Doc. 1 at 2.) Thus, the one-year limitations period for filing a federal habeas petition commenced on June 1, 2005, the date on

which the judgment became final by expiration of the time to seek direct review, and ended on June 1, 2006.[2] *See* 28 U.S.C. § 2244(d)(1).

Petitioner's motion to vacate void and illegal sentence and judgment (the "post-conviction motion"), which he filed in the state trial court on May 26, 2006, may have tolled the federal one-year limitations period. *See Estes v. Chapman*, 382 F.3d 1237, 1238-39 (11th Cir. 2004) (holding that Georgia prisoner's motion to vacate illegally imposed sentence was a "properly filed application for State post-conviction . . . review" where it was filed before the Georgia Supreme Court's decision in *Wright v. State*, 596 S.E.2d 587 (Ga. 2004), which stated such relief cannot be obtained in criminal cases); *but see Harper v. State*, 686 S.E.2d 786, 786-87 (Ga. 2009) (overruling conflicting precedent and holding that "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case"). The Court need not decide whether Petitioner's post-conviction motion tolled the limitations

---

[2] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run," i.e., the same day of the same month in the following year. *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (quotation marks omitted).

5

period, however, because even if it did Petitioner's federal petition is still untimely.[3]

Six days remained in the limitations period when Petitioner filed the post-conviction motion on May 26, 2006. The post-conviction motion was pending until September 18, 2010, when the Georgia Supreme Court denied Petitioner's appeal of the trial court's denial of that motion. (Doc. 1 at 3.) Petitioner's state habeas action that he filed in March 2009 tolled the federal one-year limitations period, and that action did not end until November 22, 2010, when the Georgia Supreme Court denied Petitioner's appeal. (*Id.*) Because the proceedings in the state habeas action overlapped with the proceedings on Petitioner's post-conviction motion, the limitations period was tolled (assuming the post-conviction motion tolled the period) from May 26, 2006 to November 22, 2010. Thus, Petitioner had six days after November 22, 2010 – or until November 28, 2010 – to file his federal habeas petition. Petitioner did not file his federal habeas petition until October 28, 2011, eleven months after the limitations period expired even if his post-conviction motion tolled the limitations period.

---

[3] Petitioner states that the Georgia Supreme Court dismissed his appeal of the denial of the post-conviction motion because the motion "was not a proper remedy in a criminal case." (Doc. 1 at 3.) Such a ruling would suggest that the post-conviction motion was not a "properly filed application for State post-conviction . . . review" that could toll the federal limitations period under 28 U.S.C. § 2244(d)(2).

Thus, absent application of equitable tolling or a showing that Petitioner is actually innocent of the crime for which he was convicted, Petitioner's federal habeas petition is untimely and should be dismissed under Rule 4. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (holding that district courts may sua sponte dismiss a habeas petition as untimely after affording the parties fair notice).[4] Petitioner has provided no argument or evidence suggesting that either of those exceptions apply here. (*See generally* Doc. 1.)

Accordingly, **IT IS RECOMMENDED** that this habeas action be **DISMISSED** under Rule 4 as untimely. The undersigned **FURTHER RECOMMENDS** that petitioner be denied a certificate of appealability because the timeliness issue is dispositive and not reasonably debatable. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 29 day of November, 2011.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[4] This Report and Recommendation provides such notice and, as indicated in the attached Order for Service, an opportunity for the parties to file any objections.