IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PATRICK WAYNE MORRIS, | :: | PRISONER HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| ROBERT TOOLE, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:11-CV-3914-RWS-LTW |

**ORDER**

Petitioner, pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254 regarding state crimes to which he pled guilty in May 2005. (Doc. 1.) Magistrate Judge Walker issued a Report and Recommendation that recommends denying the writ and denying Petitioner a certificate of appealability because the petition was filed after the applicable one-year statute of limitations expired. (Doc. 3 ("R&R").) Petitioner filed objections to the R&R. (Doc. 4.)

A district judge much conduct a careful and complete review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made," 28 U.S.C. § 636(b)(1)(C), while those portions of the R&R for which there is no objection are reviewed only for clear error, *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Petitioner does not object to the R&R's finding that his § 2254 petition is untimely. (Doc. 4.) Instead, he argues the merits of the claims in his petition and asks the Court "to look past the procedural aspect" that bars the petition. (*Id.* at 3.) Petitioner suggests that there has been "a new substantive intervening change" in Georgia law that demonstrates that his state criminal proceeding "amounted to a miscarriage of justice and 'actual and factual innocence.'" (*Id.* at 2-3.) The Court cannot review the merits of his claims for relief under § 2254, however, because he did not timely file the petition. *See Day v. Crosby*, 391 F.3d 1192, 1194 (11th Cir. 2004) ("A federal court that sits in collateral review of a criminal judgment of a state court has an obligation to enforce the federal statute of limitations.").

To the extent Petitioner contends that the alleged intervening change in Georgia law provides the starting date for the one-year limitations period for filing a § 2254 petition in federal court, he is incorrect. Only constitutional rights "newly recognized by the [U.S.] Supreme Court and made retroactively applicable to cases on collateral review," and not rights newly recognized by state courts or state legislatures, can serve as a starting date for the federal limitations period. *See* 28 U.S.C. § 2244(d)(1)(C). Moreover, a federal court may review an untimely habeas petition to avoid a "fundamental miscarriage of justice" only if the petitioner demonstrates that he is

factually innocent of the crimes for which he was convicted; "legal innocence is not enough." *See Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1274 (11th Cir. 2004) (en banc). Petitioner has offered nothing to suggest that he is factually innocent of the state crimes to which he pled guilty in May 2005. (*See* Docs. 1, 4.) Thus, the Court cannot consider his untimely habeas petition.

The Court finds no merit to Petitioner's objections and no error in the R&R. Accordingly, the Court **OVERRULES** Petitioner's objections [4] and **ADOPTS** the R&R [3] as the opinion of the Court. The petition for a writ of habeas corpus [1] is **DENIED**. The Court **DENIES** Petitioner a certificate of appealability.

**SO ORDERED** this  22nd  day of December, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)